**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**CASE NO.:**

**ROLANDO BLANCO,**
**an Individual**

　　　**Plaintiff,**

**v.**

**FREEDOM BOAT CLUB LLC,**
**a Florida Limited Liability Company,**

　　　**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, **ROLANDO BLANCO** ("Plaintiff"), files this Complaint against

Defendant, **FREEDOM BOAT CLUB LLC** ("Defendant"), and states as follows:

### INTRODUCTION

1.　　Plaintiff brings this action pursuant the Americans with Disabilities

Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights

Act ("FCRA") to recover from Defendant back pay, other monetary damages,

equitable relief, front pay, declaratory relief, compensatory damages, punitive

damages, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION AND VENUE

2.　　Plaintiff is an adult individual.

3.     Defendant is a Florida Limited Liability Company that is located and does business in Collier County, Florida, and is therefore within the jurisdiction of the Court.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant.

5.     Plaintiff worked for Defendant in Collier County, Florida, and this venue is therefore proper.

6.     This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

7.     This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

8.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

9.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

2

10.    Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11.    On or around October 24, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12.    On or around March 26, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his federal claims within 90 days of his receipt of the same.

13.    On or around April 30, 2026, the FCHR issued a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action on his state claims within one year of his receipt of the same.

14.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

15.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.    Plaintiff worked for Defendant as a Dockmaster from October 21, 2021, until his termination on February 12, 2025.

17. During his tenure Plaintiff was an excellent employee, and had no significant history of non-medical attendance, disciplinary, or performance issues.

18. Unfortunately, Plaintiff suffered from mental health disabilities PTSD, Generalized Anxiety Disorder, and Major Depressive Disorder.

19. For the first several years of Plaintiff's employment, his then-Supervisor, Michael Gallagher ("Mr. Gallagher") worked with Plaintiff to accommodate Plaintiff's disabilities, and Plaintiff had no issues with receiving reasonable accommodations.

20. That all changed when Mr. Gallagher left Defendant's employment, and William Michael Sasser ("Mr. Sasser") took over Mr. Gallagher's position.

21. When Mr. Sasser took over, Plaintiff's modified schedule was altered, and Plaintiff was required to work long shifts on consecutive days.

22. On February 12, 2025, Plaintiff experienced a flare-up of his disabilities and had to request reasonable accommodation to be excused from work, went to see his physician and provided Defendant with medical documentation pertaining to his disability and absence.

23. Plaintiff met with Mr. Sasser and made the reasonable accommodation request to be put on part-time status.

24. In response, Mr. Sasser outright refused to do so, and demanded to know the details of Plaintiff's disability.

4

25. Plaintiff objected to revealing the details of his disability, but offered to provide it to HR, so as to avoid a potential HIPAA issue.

26. Mr. Sasser started aggressively berating Plaintiff, triggering a flare up of Plaintiff's disability, so Plaintiff left the premises.

27. When Plaintiff was on his way home, he received a call from Defendant HR Representative Wendy Haney ("Ms. Haney"), who continuously asked Plaintiff if he was resigning from his employment, to which Plaintiff replied that he was not.

28. When Plaintiff arrived at home, he emailed Ms. Haney a note from his doctor requesting that Plaintiff stay out of work until February 17, 2025.

29. Ms. Haney continued to make harassing phone calls to Plaintiff to prod Plaintiff about resignation.

30. Plaintiff stopped answering Ms. Haney's phone calls to avoid another flare up of his disability.

31. Later that day, Ms. Haney left Plaintiff a voicemail stating that Plaintiff was terminated, effective immediately.

32. It is clear that Defendant terminated Plaintiff because he suffered a disability/perceived disability, and required reasonable, non-burdensome accommodation for same.

33. Any other "reason" theorized after the fact by Defendant or its attorneys for Defendant's termination of Plaintiff's employment is pure pretext.

34. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

35. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and his need for accommodation under the ADA/FCRA.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

37. The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

38. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

39. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

40. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.

41. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

42.    Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

43.    Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

44.    Defendant did not have a good faith basis for its actions.

45.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

46.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

47.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

48.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA
## FAILURE TO ACCOMMODATE

49.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8, 10 through 12, 14 through 36, 38 through 42, and 44 through 48, above.

7

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

51. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

52. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to determine any reasonable accommodations, in violation of the ADA.

53. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

55. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

56. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

57. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 8, 10 through 11, 13 through 36, 38 through 42, and 44 through 48, above.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

60. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

61. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to determine any reasonable accommodations, in violation of the FCRA.

9

62.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

64.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

65.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY

66.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 9 through 12, 14 through 34, 37, and 39 through 48, above.

67.     Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

68.     Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

69.     Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

70.     Plaintiff's protected activity, and his termination, are causally related.

71.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

73.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

74.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY

75.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 9 through 11, 13 through 34, 37, and 39 through 48, above.

76.     Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

77.     Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

78.     Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

79.     Plaintiff's protected activity, and his termination, are causally related.

12

80. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

82. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

83. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

13

## <u>CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING</u>

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

DATED this 24th day of June, 2026.

Respectfully Submitted,

**_/s/ Nicholas Vimo_**
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Counsel for Plaintiff*

15